### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

WESLEY THOMAS

CIVIL ACTION
NO. 15-121-3

**Pappert, J.**                                            **August 27, 2024**

<u>**MEMORANDUM**</u>

The Court sentenced Wesley Thomas to 180 months' incarceration after he pleaded guilty to four counts of Hobbs Act Robbery and two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). In 2020, he filed a motion for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denied the motion because Thomas had not demonstrated extraordinary and compelling reasons warranting release and, in any event, the 18 U.S.C. § 3553(a) factors counseled against granting relief. Thomas has now filed a second motion. Although Thomas now presents an extraordinary and compelling reason, the § 3553(a) factors still counsel against release.

I

When Thomas filed his first motion, he had yet to serve half his sentence. *United States v. Thomas*, No. 15-121-3, 2021 WL 75816, 2021 U.S. Dist. LEXIS 3579, at *10–11 (E.D. Pa. Jan. 8, 2021) (ECF No. 139.) The Court concluded releasing Thomas at that time would be inconsistent with the seriousness of the offense and would not promote respect for the law or justly punish him for his crimes. *Thomas*, 2021 U.S. Dist. LEXIS 3579, at *10–11. Thomas and two codefendants robbed four Philadelphia

grocery stores and stole a combined $1,900 in cash, numerous packs of cigarettes, a laptop computer, and at one store, the employees' cell phones. *Id.* at *1. Thomas was the getaway driver in all robberies and also served as an advance man and lookout. *Id.* at *1–2. When his accomplices entered the stores, they carried a handgun and a starter pistol that appeared to be a firearm. *Id.* at *2.

During one of these robberies, one of Thomas's confederates grabbed an employee by the collar and put a gun to his head. (PSR ¶ 20.)  The robbery traumatized the store owner's mother-in-law, for whom an ambulance had to be called. (*Id.* ¶ 20–21.)  On another occasion, the same robber hit an employee in the back of the head with a gun while demanding more money. (*Id.* ¶ 23.)  During each of the four robberies, "guns were brandished and pointed at the store employees." (*Id.* ¶ 34.)  One store owner was threatened at gunpoint in front of his wife and daughter. (*Id.* ¶¶ 16, 36.)

On March 26, 2015, Thomas was charged with four counts of Hobbs Act robbery and four counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *Thomas*, 2021 U.S. Dist. LEXIS 3579, at *1.  Pursuant to a plea agreement, Thomas pleaded guilty to all four robbery counts and two of the § 924(c) counts. *Id.*  The Government agreed to dismiss the other two § 924(c) counts, which would have carried a combined mandatory consecutive fifty-year term. (PSR ¶¶ 1, 4, 125.)  As it was, Thomas faced a mandatory minimum sentence of thirty-two years for the two § 924(c) convictions. *Thomas*, 2021 U.S. Dist. LEXIS, at *2.  Departing substantially from the mandatory minimum, the Court sentenced Thomas to two consecutive sixty-month sentences for the § 924(c) convictions. *Id.* at *2–3.  He also

received concurrent sixty-month sentences for each robbery conviction, resulting in a total sentence of 180 months' incarceration.  *Id.* at *2.

Accrued good time credit included, Thomas has now served approximately ten years and ten months of his fifteen-year sentence.  (Government's Resp. p. 17, ECF No. 164.)  His final release date is November 17, 2027, still over three years away.  (*Id.*)  He is eligible for release to home confinement six months earlier, on May 17.  (*Id.*)  He is forty-five years old.

## II

### A

The Court may reduce an inmate's sentence as a form of compassionate release if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  But before releasing an inmate, the Court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a)."  *Id.*  These factors include "the nature and circumstances of the offense," the "history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  *Id.* § 3553(a)(1), (2)(A).

### B

Thomas now presents an extraordinary and compelling reason for release. Under recent amendments to the United States Sentencing Guidelines, effective November 1, 2023, extraordinary and compelling reasons include "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."  U.S.S.G. § 1B1.13(b)(3).

Since Thomas's last motion, his father's Parkinson's disease has unfortunately progressed, leaving him in need of greater assistance and care from others. (Mot. for Compassionate Release pp. 5–6, ECF No. 162.) Thomas has substantiated this claim with a letter from his father's doctor, as well as letters from his mother and siblings, who claim they cannot care for Thomas's father full-time. (*Id.* at 25–30.) The Government agrees Thomas has "presented a credible case of family circumstances that could provide a basis for compassionate release." (Government's Resp. p. 15.) But it also contends, correctly, that release is not warranted under the § 3353(a) factors. (*Id.* at 15–18.)[1]

### C

Thomas helped facilitate four armed robberies, during which innocent people were threatened at gunpoint, at times in front of their family members. Crimes like these tear apart neighborhoods, communities and cities. And they can deprive communities of businesses which close rather than risk the lives of their owners and employees. When he was sentenced in 2016, Thomas's sentence appropriately reflected the nature and circumstances of the offense. It remains appropriate today.

The Court recognizes Thomas's noteworthy prison record and commends him for it. In more than nine years of incarceration, he has not incurred a disciplinary infraction. (Government's Resp. p. 10.) He has also taken several classes and received

---

[1] Thomas also alleges other reasons he believes are extraordinary and compelling. He contends his sentence would be shorter if he had been sentenced today, under the First Step Act, and that the Covid-19 pandemic has made his confinement unusually harsh. (Mot. for Compassionate Release p. 7.) Thomas raised these issues in his first motion, and the Court concluded they did not constitute extraordinary and compelling reasons warranting release. *See Thomas*, 2021 U.S. Dist. LEXIS 3579, at *5–9.

positive work performance evaluations.  (*Id.*)  And the Bureau of Prisons has determined he presents a low recidivism risk, indicating he is unlikely to commit further crimes.  (*Id.*)  While this record bodes well for Thomas's future if he continues his current course, it does not outweigh the need for the sentence to appropriately reflect the seriousness of his crimes, promote respect for the law and justly punish him for his role in these violent offenses.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.